**Nagi ELKHEIR, Plaintiff–Appellant,**

v.

**John ASHCROFT, Attorney General, Defendant–Appellee.**

No. 01–3395.

United States Court of Appeals, Sixth Circuit.

Jan. 31, 2002.

Before SUHRHEINRICH, SILER, and BATCHELDER, Circuit Judges.

*ORDER*

Nagi Elkheir, an Ohio resident, appeals a district court judgment that dismissed his suit against his employer in this employment discrimination action filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16. The parties have expressly waived oral argument, and this panel unanimously agrees that oral

argument is not needed. *See* Fed. R.App. P. 34(a).

The facts underlying this employment discrimination action are adequately set forth in the district court's memorandum opinion and order and will not be repeated herein. Suffice it to say that Elkheir brought this action alleging that the Attorney General of the United States Department of Justice (John Ashcroft is substituted for his predecessor, Janet Reno, as Attorney General of the United States), by and through the Immigration and Naturalization Services ("INS"), discriminated against him on the basis of his race, in violation of Title VII. Specifically, Elkheir claims that he was subjected to a racially, sexually, and retaliatory hostile work environment, within the INS.

INS filed a motion to dismiss, or in the alternative, a motion for summary judgment, arguing that only Elkheir's 1997 performance appraisal claim was properly before the court and alternatively that the INS was entitled to summary judgment on all of Elkheir's claims. On March 15, 2001, the district court entered its memorandum opinion and order. In construing the complaint in the light most favorable to Elkheir, the court determined that Elkheir could prove no set of facts which would entitle him to relief. In addition, the court held that it lacked subject matter jurisdiction over any matters or claims outside the scope of Elkheir's EEO complaint. Alternatively, the district court held that there are no genuine issues of material fact concerning Elkheir's claims of retaliation or hostile work environment— sexual, racial, or retaliatory.

On appeal, Elkheir asserts: 1) that the district court erred in its conclusion that it lacked subject matter jurisdiction over claims outside the scope of Elkheir's 1997 EEO complaint; 2) that the district court erred in concluding that Elkheir failed to demonstrate a prima facie case of racially hostile work environment; and 3) that the district court erred in concluding that Elkheir failed to demonstrate a prima facie case of retaliatory harassment.

Initially, we note that Elkheir does not challenge the district court's dismissal of his sexually hostile work environment claim. Therefore, this claim is considered abandoned and will not be reviewed. See *McMurphy v. City of Flushing*, 802 F.2d 191, 198–99 (6th Cir.1986).

Upon de novo review, we conclude that Elkheir's complaint was properly dismissed for failure to state a claim upon which relief may be granted. *See Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996). Elkheir has not established a prima facie claim of discrimination because he did not allege any adverse consequence arising from his 1997 performance rating of "fully successful." *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 789–90 (6th Cir.2000); *Primes v. Reno*, 190 F.3d 765, 766–67 (6th Cir.1999); *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1081 (6th Cir. 1994). In addition, the district court correctly concluded that it lacked subject matter jurisdiction over any matters or claims outside the scope of Elkheir's 1997 EEO complaint. *See Michigan Assoc. of Indep. Clinical Labs. v. Shalala*, 52 F.3d 1340, 1346 (6th Cir.1994). Ms. Bican's actions as alleged, either before the 1997 performance review or after such review was amended, albeit immature and unprofessional, were no more than the manifestations of a personality conflict which does not equate with discriminatory animus, *see Barnett v. Dep't of Veterans Affairs*, 153 F.3d 338, 343 (6th Cir.1998), and because Elkheir failed to show a specific discrimination within the relevant limitations period, he cannot invoke a "continuing violations" theory to sustain his action. *See*

*Bell v. Chesapeake & Ohio Ry. Co.,* 929 F.2d 220, 223 (6th Cir.1991).

Finally, there are no genuine issues of material fact concerning Elkheir's claims of retaliation or hostile work environment. *See* Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Elkheir established neither a prima facie case of racially hostile work environment, *see Hafford v. Seidner,* 183 F.3d 506, 512 (6th Cir.1999); *Risinger v. Ohio Bureau of Workers' Comp.,* 883 F.2d 475, 484 (6th Cir.1989), nor a prima facie case of retaliatory harassment. *See Morris,* 201 F.3d at 792; *Canitia v. Yellow Freight Sys., Inc.,* 903 F.2d 1064, 1066 (6th Cir.1990).

Accordingly, the district court's judgment is affirmed.